IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

---------------------------------------------------------------x
                                                      :

Latoya C. Jones,

                     *Plaintiff*,        Case No. 4:23-cv-514

           v.        JURY TRIAL DEMANDED

Kia Motors America, Inc.,

                    *Defendant.*

---------------------------------------------------------------x

## NOTICE OF REMOVAL

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendant Kia America, Inc. ("Kia"), incorrectly denominated in Plaintiff's Petition as "Kia Motors America, Inc.," by and through its attorneys of record, hereby removes the above-captioned action to this Court. In support of its removal, Kia states:

**The Removed Case and Papers from Removed Action**

1. On March 23, 2023, Latoya C. Jones ("Plaintiff") served Kia with a Summons and Petition by process server ("Petition"). A true and accurate copy of the Summons and Petition served upon Kia, incorporated herein, is contained in the state court file, a complete copy of which is annexed hereto as **Exhibit 1.**

2. The Petition has been served with the Circuit Court of St. Louis County, State of Missouri designated as the jurisdiction for filing. Kia has yet to serve its Answer or

otherwise respond to the Petition as the time to do so has not yet elapsed. There have been no further proceedings in state court.

## Venue and Timeliness

3. Title 28 of the United States Code, section 1441(a) provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. Kia files this Notice of Removal within thirty (30) days of the date it was served with a copy of the Summons and Petition and therefore timely removes this case. 28 U.S.C. § 1446(b).

5. The United States District Court for the Eastern District of Missouri is the federal district court for the district embracing the place where the state court suit is pending. 28 U.S.C. § 1441(a).

## The Requirements for Diversity Jurisdiction Are Met

6. Kia is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Plaintiff is an individual who is a resident and citizen of Missouri. *See* Ex. 1 (Petition ¶ 1).

8. Kia is a foreign corporation which does not have its principal place of business in Missouri. *See* Ex. 1 (Petition ¶ 2). Kia is a California corporation with its principal place of business located in Irvine, California. Under § 1332, "a corporation shall be deemed to be a citizen

of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Kia is, thus, a citizen of California.

9. Accordingly, there exists complete diversity of citizenship between plaintiff and Kia pursuant 28 U.S.C. § 1332.

10. If complete diversity exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

11. To determine whether a fact finder might legally conclude that the amount in controversy is greater than $75,000, a court may consider total compensatory damages, treble damages, and attorney's fees. *Crawford v. F. Hoffman La Roche,* 267 F.3d 760, 766 (8th Cir. 2001) (citation omitted) (statutory attorney's fees); *Zunamon v. Brown,* 418 F.2d 883, 887 n.5 (8th Cir. 1969) (treble damages). See also *Caldwell v. GM, LLC,* No. 4:18-CV-01636 JAR, 2018 U.S. Dist. LEXIS 214226 at *9 (E.D. Mo. Dec. 20, 2018) (compensatory damages for back pay, plus attorney's fees).

12. Plaintiff's Petition includes three counts: violation of the Missouri Merchandising Practices Act (MMPA), fraudulent omission, and violation of the Magnuson-Moss Warranty Act (MMWA).

13. While not specifying the precise amount of damages sought, the Petition alleges: actual damages based on Plaintiff paying more for the vehicle that she otherwise would have, had Kia made appropriate disclosures about vehicle defects (Petition ¶¶ 33, 37); actual damages for breach of the implied warranties of merchantability and fitness for a particular purpose (¶¶ 61-62); actual damages for violation of the MMWA (¶¶ 62-63); incidental and consequential damages for

humiliation, embarrassment, inconvenience stress, anxiety, loss of use, loss of work, and garden variety emotional distress (¶ 39); and attorney's fees (prayers for relief, Counts I and III).

14. Under the MMPA, in addition to damages relating to diminished value of a vehicle, other types of damages are cognizable, including those for garden-variety emotional distress and other incidental damages. And the amount of damages awarded is often substantial. In *Soto v. Costco Wholesale Corp.,* 502 S.W.3d 38, 54-55 (Mo. App. W.D. 2016), the Court of Appeals upheld a damages award of $250,000, where Plaintiff had proven $85,000 in damages for lost wages and had also provided competent evidence that he suffered emotional distress and humiliation.

15. Moreover, prevailing plaintiffs asserting MMPA claims are traditionally awarded attorney's fees, and those fees are often substantial and can independently exceed the $75,000 threshold amount for removal jurisdiction. *Berry* v. *Volkswagen Group of Am.*, 397 S.W.3d 425, 432-33 (Mo. banc 2013). While attorney's fees are required to have some reasonable relationship to a damages award, there is nothing in Missouri law to suggest that a fee award cannot exceed the amount of damages. *Berry,* 397 S.W.3d at 431; *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64, 71 (Mo. banc 1989). In *Bedford v. Audrain Cty. Motor. Co.,* 631 S.W.3d 663, 673-74 (Mo. App. E.D. 2021), the Missouri Court of Appeals sustained a fee award of $84,121, when the damages sustained totaled $15,400. In *Am. Modern Home Ins. Co. v. Thomas*, 2019 U.S. Dist. LEXIS 142726 (no. 4:16 CV 215 CDP, E.D. Mo. Aug. 22, 2019), this court awarded attorney's fees of $661,505, where damages totaled $21,153.11. And in *Cupit v. Dry Basement, Inc.,* 592 S.W.3d 417 (Mo. App. W.D. 2020), the Missouri Court of Appeals upheld an award of $57,775 in attorney's fees, where compensatory damages under the MMPA totaled $1,500. *See also Alhalabi*

4

*v. Mo. Dept. of Corr.,* 2023 Mo.App. LEXIS 135 at *26-33 (no. WD85012, Mo. App. W.D. March 7, 2023) (upholding fee award of $672,979.50, where damages totaled $140,000).

16. It is reasonable to conclude, based on allegations of and remedies sought in the Petition, that the Plaintiff's requested monetary damages are in excess of the jurisdictional amount when also considering total compensatory damages, incidental and consequential damages, and attorney's fees. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000. *See Bell v. Hershey* Co., 557 F.3d 953, 956 (8th Cir. 2009). Based on Plaintiff's allegations in the Petition and the total damages at issue, although Kia disputes the Plaintiff's allegations and damages, for purposes of removal, Kia has established that it is more likely than not that the amount in controversy exceeds $75,000.[1]

## Filing of Removal Papers

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Kia is attached hereto and incorporated herein (*See* Ex. 1).

18. Pursuant to 28 U.S.C. § 1446(d), Kia has simultaneously given written notice to the Plaintiff and the Clerk of the Circuit Court of St. Louis County, State of Missouri. A true and accurate copy of the Notice to the Clerk is attached hereto and incorporated herein as **Exhibit 2.**

---

[1] Plaintiff is also included in several putative classes in lawsuits that have been consolidated and/or coordinated in an MDL proceeding currently pending in the Central District of California. *See In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, No. 8:22-ml-03052-JVS-KES (C.D. Cal.)).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Kia's rights to assert any defense or affirmative matter, including but not limited to defenses and objections as to venue and personal jurisdiction.

WHEREFORE, Defendant Kia America, Inc., respectfully removes this action from the Circuit Court of St. Louis County, State of Missouri, to this Court for further proceedings and determination.

Dated April 21, 2023.

                                                Respectfully submitted,

                                                /s/ *David M. Eisenberg*
                                                David M. Eisenberg   #54767MO
                                                BAKER STERCHI COWDEN & RICE LLC
                                                2400 Pershing Road, Suite 500
                                                Kansas City, Missouri 64108
                                                Telephone:   (816) 471-2121
                                                Facsimile:   (816) 472-0288
                                                eisenberg@bakersterchi.com
                                                ***Attorneys for Defendant Kia America, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2023, the foregoing **NOTICE OF REMOVAL** was served on the following counsel for Plaintiff by email and U.S. mail, and has been electronically filed using the Court's CM/ECF system:

Mitchell B. Stoddard
Consumer Law Advocates
1415 Elbridge Payne Road, Suite 275
Chesterfield, Missouri 63017
mitch.stoddard@clalaw.com
*Attorney for Plaintiff Latoya C. Jones*

                                                /s/ *David M. Eisenberg*